UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

LAZARO FACIO,

     Plaintiff,

vs.

F3 INTERNATIONAL RESOURCES, INC.,
OCTAGON STRATEGIC SERVICES, LLC,
and LORIN M. JACOBSON, individually,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff Lazaro Facio ("Facio" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues F3 International Resources, Inc. ("F3"), Octagon Strategic Services, LLC ("Octagon"), and Lorin M. Jacobson ("Jacobson")(collectively "Defendants") and alleges as follows:

## **Introduction**

1.    This is an action by Facio for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Further, Facio asserts claims for breach of contract, unjust enrichment, and *quantum meruit* to seek, as damages, wages due and owing, predicated on a breach of the Employment Agreement. Facio's breach of contract counts, and associated damages, are filed separate and apart from Facio's unpaid overtime wage claims.

2.      Facio seeks damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

### Parties, Jurisdiction and Venue

3.      Facio has, at all relevant times, resided in Miami-Dade County, Florida.

4.      F3 is a Florida corporation and operates worldwide.  As part of its operations, it performs business and has its headquarters in Miami-Dade County, Florida.

5.      Octagon is a Florida corporation and operates worldwide.  As part of its operations, it performs business and has its headquarters in Miami-Dade County, Florida.

6.      Jacobson is the owner and operator of F3 and is believed to also be a principal/officer for Octagon. Upon information and belief, Jacobson runs these companies from Miami-Dade County, Florida.

7.      F3 and Octagon are Facio's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

8.      Venue is proper in this Court because Defendants transact business in this District, Defendants maintains a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within this District.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## A. **Defendants' Business and Interstate Commerce.**

9.      F3 is a company that provides security training, security technology, consulting, and various levels of protection for its clients.[1]  F3 represents on its website a worldwide network of clients and services.

10.      Similarly, Octagon provides security and risk assessment services as well as consulting, intelligence gathering, and asset recovery.[2] Octagon also represents on its website a worldwide network of clients, training offices, and services.

11.      Upon information and belief, F3's annual volume of sales or business exceeded $500,000 annually for every relevant year.

12.      Upon information and belief, Octagon's annual volume of sales or business exceeded $500,000 annually for every relevant year.

13.      At all relevant times, F3 employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

14.      At all relevant times, Octagon employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of

---

[1] This information is gathered from F3's website: http://www.f3ir.com/services.html
[2] This information is gathered from Octagon's website: https://osselite.com/services

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

15.     Upon information and belief, F3 obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

16.     Upon information and belief, Octagon obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

17.     F3, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

18.     Octagon, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

19.     F3 is an employer engaged in interstate commerce and subject to the wage & hour provisions of the FLSA.

---

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

20.     Octagon is an employer engaged in interstate commerce and subject to the wage & hour provisions of the FLSA.

21.     F3 and Octagon are Facio's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

**B.  Plaintiff's Employment with Defendants and Overtime Claims.**

22.     Facio was hired by Defendants, through a written employment offer letter, to start on January 11, 2019. *See* **Exhibit A.**

23.     Facio was hired as a Gold and Metals Specialist and was to be paid an annual salary of $120,000.00. *See* **Exhibit A.**

24.     Facio was to "[p]erform all job duties as assigned by management. You will be responsible for assignments related to Gold, Metals and transportation and refining of same." *See* **Exhibit A.**

25.     On February 19, 2019, Facio was informed there would be a temporary payroll suspension but that he would be paid in full for any missed payroll payments. *See* **Exhibit B.**

26.     Despite this "temporary payroll suspension", Facio continued to execute his duties for Defendants.

27.     During Facio's employment with Defendants, he worked over forty hours a week on several occasions.

28.     Facio was never paid overtime premium for overtime hours worked.

29.     Facio seeks these unpaid overtime wages and liquidated damages.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

30.     During Facio's employment, Defendants failed to track or otherwise record all work hours.

31.     Facio continued working for Defendants without **any** wages until November 11, 2019 when Defendants unilaterally terminated his employment. The notice of "temporary lay-off" was signed by Jacobson. *See* **Exhibit C.**

### C. Defendants' Joint Employment of Facio.

32.     As set forth in the employment offer letter, Facio was to provide his services as a gold and metal specialist for both Defendants. *See* **Exhibit A.**

33.     As set forth in the employment offer letter, Facio's travel expenses would be paid for by both Defendants. *See* **Exhibit A.**

34.     As set forth in the employment offer letter, Facio's transportation (company vehicle) would be supplied for by both Defendants. *See* **Exhibit A.**

35.     As set forth in the employment offer letter, Facio's insurance would be paid for by both Defendants. *See* **Exhibit A.**

36.     As set forth in the employment offer letter, Facio's travel expenses would be paid for by both Defendants. *See* **Exhibit A.**

37.     As set forth in the employment offer letter, Facio, after agreeing to this offer, was to send copies to both Defendants. *See* **Exhibit A.**

38.     Finally, the offer letter explicitly states that Octagon is an F3 company. *See* **Exhibit A.**

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

### D. **Defendants' Breach Of Contract.**

39.     As noted above, Facio and Defendants entered into a legally binding agreement where Facio was to work as a Gold and Metals Specialist and to receive an annual salary of $120,000.00, paid bi-weekly. See **Exhibit A**.

40.     On February 15, 2019, Defendants breached this agreement when the unilateral decision was made to suspend all payroll payments. This breach was memorialized in a written letter. *See* **Exhibit B.**

41.     In that February 15, 2019 letter, Defendants represented that by the "middle part of October 2019, you will be fully paid for your entire missed payroll payments." *See* **Exhibit B.**

42.     Defendants February 15, 2019 promise to tender all missed payroll payments never occurred. Rather, on November 11, 2019, Defendants terminated the agreement with Facio under the guise of "temporary lay-offs". *See* **Exhibit C.**

43.     In that November 11, 2019 letter, Defendants, again, promised that "any outstanding payroll to be delivered immediately." *See* **Exhibit C.** Again, Defendants failed to tender any outstanding wages under the agreement.

44.     Due to Defendants' breach, Facio was damaged and is owed $90.000.00 pursuant to the agreement.  This is predicated on Facio's monthly wages of $10,000.00 over the course of his nine (9) month employment.

45.     Facio seeks payment for his unpaid wages separate and apart from his FLSA overtime claim.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**COUNT I**
**OVERTIME VIOLATIONS BY F3**
**UNDER THE FAIR LABOR STANDARDS ACT**

46.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

47.     Upon information and belief, F3's annual volume of sales or business exceeded $500,000.00 during each calendar year of the relevant period.

48.     As part of its business, F3 purchased goods and materials that traveled through interstate commerce during the relevant period.

49.     During the relevant period, F3 obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

50.     During the relevant period, F3, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

51.     During the relevant period, F3 was an employer engaged in interstate commerce and subject to the FLSA.

52.     During his employment with F3, Facio worked overtime hours.

53.     Despite knowledge of Facio's work hours F3, however, failed to properly calculate (and then pay) Facio overtime wages.

54.     In addition, F3 is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**WHEREFORE,** Facio respectfully requests that the Court:

a.      Enter judgment for Facio against F3 under the FLSA;

b.      Award Facio actual damages for the unpaid wages;

c.      Award Facio liquidated damages;

d.      Award Facio his attorneys' fees and costs;

e.      Award Facio all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

**COUNT II**
**OVERTIME VIOLATIONS BY OCTAGON**
**UNDER THE FAIR LABOR STANDARDS ACT**

55.      Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

56.      Upon information and belief, Octagon's annual volume of sales or business exceeded $500,000.00 during each calendar year of the relevant period.

57.      As part of its business, Octagon purchased goods and materials that traveled through interstate commerce during the relevant period.

58.      During the relevant period, Octagon obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

59.      During the relevant period, Octagon, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

60.     During the relevant period, Octagon was an employer engaged in interstate commerce and subject to the FLSA.

61.     During his employment with Octagon, Facio worked overtime hours.

62.     Despite knowledge of Facio's work hours Octagon, however, failed to properly calculate (and then pay) Facio overtime wages.

63.     In addition, Octagon is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Facio respectfully requests that the Court:

a.      Enter judgment for Facio against Octagon under the FLSA;

b.      Award Facio actual damages for the unpaid wages;

c.      Award Facio liquidated damages;

d.      Award Facio his attorneys' fees and costs;

e.      Award Facio all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

### COUNT III
### OVERTIME VIOLATIONS AGAINST JACOBSON
### UNDER THE FAIR LABOR STANDARDS ACT

64.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

65.     During the relevant period, Jacobson was an owner, corporate officer, and operator of Defendants F3 and Octagon.

66.     During the relevant period, Jacobson operated the day-to-day activities of Defendants F3 and Octagon, had supervisory authority over Facio

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

and other employees, had the ability to hire and fire employees along with terms of employment, could legally bind Defendants F3 and Octagon, and was partially or totally responsible for paying Facio and other employees.

67.     Jacobson was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

68.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

69.     Jacobson is jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment against Jacobson under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff her attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

**COUNT IV**
**BREACH OF CONTRACT AGAINST F3**

70.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-10, 22-26, 31-45 above as if fully set forth herein.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

71.     F3 and Facio entered into an agreement under which Facio would work as a Gold and Metals Specialist and be paid an annual salary of $120,000.00. *See* **Exhibit A.**

72.     The agreement always required some level of payment when Facio worked for F3.

73.     The agreement never allowed F3 to completely deprive Facio of his salary.  Further, the agreement required that Facio would be paid his salary bi-weekly.  These are material terms.

74.     Contrary to the agreement, however, F3 refused to pay Facio his salary starting on February 15, 2019 when it "temporarily" and unilaterally suspended bi-weekly payroll. *See* **Exhibit B.**

75.     Facio continued to work for F3 until November 11, 2019 when F3 terminated Facio's employment.

76.     F3 failed to tender any of Facio's due and owing salary.

77.     The continued failures to pay Facio his salary, despite working for F3, was a material breach of the agreement.

78.     Facio was, and continues to be, undoubtedly damaged by F3's breach of the agreement because Facio never received funds he was legally entitled to.

**WHEREFORE**, Facio demands judgment in his favor and against F3 for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**COUNT V**
**UNJUST ENRICHMENT/CONTRACT IMPLIED IN LAW AGAINST F3**
**(In the Alternative)**

79.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-10, 22-26, 31-45 above as if fully set forth herein.

80.     This Count is being asserted in the alternative and only to the extent F3 denies the existence or enforceability of an express written contract between the parties as set forth in this Complaint.

81.     Facio performed services as a Golds and Metals Specialist for the benefit of F3 during his employment with F3.

82.     In exchange for his services, F3 agreed to pay Facio an annual salary of $120,000.00. *See* **Exhibit A.**

83.     Facio continued to work for F3 because of this agreement.

84.     F3, however, failed to pay Facio, starting February 15, 2019, his biweekly salary and continued to withhold Facio's salary through the end of his employment, November 11, 2019.

85.     While F3 accepted Facio's services and retained the benefits associated with same, F3 did not pay Facio for hiw work.

86.     F3's retention of all the value of Facio's work without distribution of the agreed-upon salary is improper.

87.     Given F3's misconduct and because it will receive a windfall by accepting and retaining the benefit conferred by Facio, the circumstances are such that it would be inequitable for F3 to retain the benefit without paying fair value for it.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

88.     Assuming F3 denies the existence of an express agreement with Facio, as set forth in this Complaint, there is no adequate remedy at law with respect to compensation owed to Facio.

**WHEREFORE**, Facio demands judgment in his favor and against Infinity for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

### COUNT VI
### QUANTUM MERUIT/CONTRACT IMPLIED IN FACT AGAINST F3
### (In the Alternative)

89.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-10 above as if fully set forth herein.

90.     This Count is being asserted in the alternative and only to the extent F3 denies the existence or enforceability of an express written contract between the parties as set forth in this Complaint.

91.     Facio performed services as a Golds and Metals Specialist for the benefit of F3 during his employment with F3.

92.     In exchange for his services, F3 agreed to pay Facio an annual salary of $120,000.00.

93.     Facio continued to work for F3 because of this agreement.

94.     F3, however, failed to pay Facio, starting February 15, 2019, his biweekly salary and continued to withhold Facio's salary through the end of his employment, November 11, 2019.

95.     While F3 accepted Facio's services and retained the benefits associated with same, F3 did not pay Facio for hiw work.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

96.     F3's retention of all the value of Facio's work without distribution of the agreed-upon salary is improper.

97.     Given F3's misconduct and because it will receive a windfall by accepting and retaining the benefit conferred by Facio, the circumstances are such that it would be inequitable for F3 to retain the benefit without paying fair value for it.

98.     F3 was fully aware that Facio expected to receive compensation for his work.

99.     Furthermore, the services performed by Facio were specifically required by F3.

100.    F3 had full knowledge of the services and reaped the benefits of Facio's labor.

101.    The course of conduct between the parties created a contract implied in fact under which Facio would be compensated for the valuable services he rendered in a specific manner.

102.    By denying Facio compensation due to him, F3 has been unjustly enriched.

103.    Assuming F3 denies the existence of an express Agreement with Facio, as set forth in this Complaint, there is no adequate remedy at law with respect to compensation owed to Facio.

**WHEREFORE**, Facio demands judgment in its favor and against F3 for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## COUNT VII
## <u>BREACH OF CONTRACT AGAINST OCTAGON</u>

104.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-10 above as if fully set forth herein.

105.   Octagon and Facio entered into an agreement under which Facio would work as a Gold and Metals Specialist and be paid an annual salary of $120,000.00.

106.   The agreement always required some level of payment when Facio worked for Octagon.

107.   The agreement never allowed Octagon to completely deprive Facio of his salary.  Further, the agreement required that Facio would be paid his salary bi-weekly.  These are material terms.

108.   Contrary to the agreement, however, Octagon refused to pay Facio his salary starting on February 15, 2019 when it "temporarily" and unilaterally suspended bi-weekly payroll. *See* **Exhibit B.**

109.   Facio continued to work for Octagon until November 11, 2019 when Octagon terminated Facio's employment.

110.   Octagon failed to tender any of Facio's due and owing salary.

111.   The continued failures to pay Facio his salary, despite working for Octagon, was a material breach of the agreement.

112.   Facio was, and continues to be, undoubtedly damaged by Octagon's breach of the agreement because Facio never received funds he was legally entitled to.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**WHEREFORE**, Facio demands judgment in his favor and against Octagon for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

**COUNT VIII**
**UNJUST ENRICHMENT/CONTRACT IMPLIED IN LAW AGAINST OCTAGON**
**(In the Alternative)**

113.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-10 above as if fully set forth herein.

114.   This Count is being asserted in the alternative and only to the extent Octagon denies the existence or enforceability of an express written contract between the parties as set forth in this Complaint.

115.   Facio performed services as a Golds and Metals Specialist for the benefit of Octagon during his employment with Octagon.

116.   In exchange for his services, Octagon agreed to pay Facio an annual salary of $120,000.00.

117.   Facio continued to work for Octagon because of this agreement.

118.   Octagon, however, failed to pay Facio, starting February 15, 2019, his biweekly salary and continued to withhold Facio's salary through the end of his employment, November 11, 2019.

119.   While Octagon accepted Facio's services and retained the benefits associated with same, Octagon did not pay Facio for hiw work.

120.   Octagon's retention of all the value of Facio's work without distribution of the agreed-upon salary is improper.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

121.   Given Octagon's misconduct and because it will receive a windfall by accepting and retaining the benefit conferred by Facio, the circumstances are such that it would be inequitable for Octagon to retain the benefit without paying fair value for it.

122.   Assuming Octagon denies the existence of an express agreement with Facio, as set forth in this Complaint, there is no adequate remedy at law with respect to compensation owed to Facio.

**WHEREFORE**, Facio demands judgment in his favor and against Infinity for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

### COUNT IX
### <u>QUANTUM MERUIT/CONTRACT IMPLIED IN FACT AGAINST OCTAGON</u>
### <u>(In the Alternative)</u>

123.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-10 above as if fully set forth herein.

124.   This Count is being asserted in the alternative and only to the extent Octagon denies the existence or enforceability of an express written contract between the parties as set forth in this Complaint.

125.   Facio performed services as a Golds and Metals Specialist for the benefit of Octagon during his employment with Octagon.

126.   In exchange for his services, Octagon agreed to pay Facio an annual salary of $120,000.00.

127.   Facio continued to work for Octagon because of this agreement.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

128.   Octagon, however, failed to pay Facio, starting February 15, 2019, his biweekly salary and continued to withhold Facio's salary through the end of his employment, November 11, 2019.

129.   While Octagon accepted Facio's services and retained the benefits associated with same, Octagon did not pay Facio for hiw work.

130.   Octagon's retention of all the value of Facio's work without distribution of the agreed-upon salary is improper.

131.   Given Octagon's misconduct and because it will receive a windfall by accepting and retaining the benefit conferred by Facio, the circumstances are such that it would be inequitable for Octagon to retain the benefit without paying fair value for it.

132.   Octagon was fully aware that Facio expected to receive compensation for his work.

133.   Furthermore, the services performed by Facio were specifically required by Octagon.

134.   Octagon had full knowledge of the services and reaped the benefits of Facio's labor.

135.   The course of conduct between the parties created a contract implied in fact under which Facio would be compensated for the valuable services he rendered in a specific manner.

136.   By denying Facio compensation due to him, Octagon has been unjustly enriched.

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

137.   Assuming Octagon denies the existence of an express Agreement with Facio, as set forth in this Complaint, there is no adequate remedy at law with respect to compensation owed to Facio.

**WHEREFORE**, Facio demands judgment in its favor and against Octagon for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff hereby request a trial by jury with respect to all claims so triable.

Dated:  May 13, 2020

Respectfully submitted,

By: *J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
E-mail: freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
E-mail: brody@pba-law.com

**PERERA BARNHART ALEMÁN**
12401 Orange Drive Suite 123
Davie, FL 33330
Telephone: (786) 485-5232
*Counsel for Plaintiff*

**PERERA BARNHART ALEMÁN**
124101 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

EXHIBIT "A"



**F3 INTERNATIONAL RESOURCES, INC.**

**Miami, Florida USA**

**Abu Dhabi, UAE**

**Cairo, Egypt**

**Dominican Republic**

**Sao Paolo, Brazil**

**London, UK**

Headquarters:

Miami, Florida, USA
Tel: +1-305-495-1242
Email: Sales@F3iR.com
Url: www.F3iR.com

January 11, 2018

Lazaro Facio
Pembroke Pines, Florida

 RE: Employment Offer

Lazaro,

As discussed, F3 has determined to offer you the Following Employment Opportunity with our company:

  Gold and Metals Specialist in the company of Octagon Strategic Services, LLC., an F3 International Company

Offer:

Effective Start Date:       January 14, 2019

Salary:   $120,000 usd annually paid bi weekly

Bonus:   Company reserves the right to voluntarily bonus employee based on performance

Travel:   This position does require International Travel on an irregular basis.  All Travel expenses will be paid for by F3-Octagon

Transportation: F3-Octagon will supply a vehicle for Work and Home use.

Insurance: Health Insurance will be issued by F3-Octagon in the United States for you and your family to sign up for.  Insurance will be offered within 30 days of start date.

JOB Duties:  Perform all job duties as assigned by management.  You will be responsible for assignments related to Gold, Metals and transportation and refining of same.

Clearance:  Any clearance needed to accomplish your job duties will be retrieved by F3 on your behalf.

*Solutions Ahead of the 21st Century........*



**F3 INTERNATIONAL RESOURCES, INC.**

**Miami, Florida USA**

**Abu Dhabi, UAE**

**Cairo, Egypt**

**Dominican Republic**

**Sao Paolo, Brazil**

**London, UK**

Headquarters:

Miami, Florida, USA
Tel: +1-305-495-1242
Email: Sales@F3iR.com
Url: www.F3iR.com

The above letter is your Employment offer as it stands. Upon any expansion of duties or full change in operations, we will discuss and offer further positions to you and or promotions for you to review and accept or deny.

If You accept this offer, please sign and date, along with a returned scanned copy to both myself as well as the Manager of Octagon Strategic Services, LLC, an F3 Company.

Jnemes@f3ir.com
Lorin@f3ir.com

Accepted by:

_____
Lazaro Facio

Thank You,

Lorin M Jacobson
President
F3 International Resources, Inc.

*Solutions Ahead of the 21st Century........*

# EXHIBIT "B"



**F3 INTERNATIONAL RESOURCES, INC.**

**Miami, Florida USA**

**Abu Dhabi, UAE**

**Cairo, Egypt**

**Dominican Republic**

**Sao Paolo, Brazil**

**London, UK**

Headquarters:

Miami, Florida, USA
Tel: +1-305-495-1242
Email: Sales@F3iR.com
Url: www.F3iR.com

February 15, 2019

Lazaro Facio
Pembroke Pines, Florida

RE: Temporary Payroll Suspension

Lazaro,

As discussed at our recent staff meeting, we will be suspending all bi-weekly payroll payments as we seek to finalize funding of our projects.

During this time, you shall remain a full-time employee of the company at your contracted base pay of $120,000 per year.  Upon funding that is expected in the middle part of October 2019, you will be fully paid for your entire missed payroll payments.

If you choose to collect unemployment during this time, you will be required to reimburse the State of Florida for any amounts received once you receive your full payroll owed.

Thank you for your understanding during this time.

Thank You,

*Jeffrey Nemes*

Jeffrey Nemes
Chief of Staff
F3 International Resources, Inc.

*Solutions Ahead of the 21st Century........*

# EXHIBIT "C"



## F3 INTERNATIONAL RESOURCES, INC.

### Miami, Florida USA

### Abu Dhabi, UAE

### Cairo, Egypt

### Dominican Republic

### Sao Paolo, Brazil

### London, UK

**Headquarters:**

Miami, Florida, USA
Tel: +1-305-495-1242
Email: Sales@F3iR.com
Url: www.F3iR.com

November 11, 2019

**Notice of Temporary Lay Off**

Lazaro Facio
1480 Laguna Ln.
Pembroke Pines, Fl 33026

This letter issued with a heavy heart, is formal notification of Temporary Lay Offs under the F3 International corporate structure.

During our restructuring and merge of the F3 Companies, we have determined that we will have to issue temporary Layoffs that effect you.  This Layoff will commence as of the date of this letter with any outstanding payroll to be delivered immediately.

These Layoffs are expected to last until February 2020 and an offer letter will be sent to you with an option to rejoin the employment of F3 at that time.

Please accept our apologies and regrets as we issue this letter and we hope to see you back at F3 in the very near future.

If you have any questions or needs as regards to this situation, please don't hesitate to

Thank You,

Lorin M Jacobson
President
F3 International Resources, Inc.

*Solutions Ahead of the 21st Century........*